Magdy El–Sayh MOHAMED, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES.

No. 07–2243.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) April 16, 2008.

Filed: April 17, 2008.

Marcia S. Kasdan, Marcia S. Kasdan & Associates, Hackensack, NJ, for Petitioner.

Richard M. Evans, Virginia M. Lum, Patrick J. Glen, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Attorney General of the United States.

Before: SLOVITER, STAPLETON and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Magdy El–Sayh Mohamed petitions for review of an order of the Board of Immigration Appeals ("BIA"). For the reasons below, we will deny the petition for review.

Mohamed, a native of Egypt, entered the United States in 1997 on a crewman visa. In April 2003, he was charged as removable for overstaying his admission period. In March 2004, Mohamed applied

for asylum, withholding of removal, and relief under the Convention Against Torture. He asserted that he would be persecuted in Egypt on account of his religion because he is a Muslim married to a Christian. After a hearing the Immigration Judge ("IJ") denied relief and ordered Mohamed removed to Egypt. Mohamed appealed to the BIA. On March 9, 2006, the BIA dismissed the appeal.

On December 20, 2006, Mohamed filed a motion to reopen with the BIA. He stated that he had not received a copy of the BIA's March 2006 decision and requested that the BIA reissue its decision. He also argued that he was eligible for relief based on changed circumstances. On March 26, 2007, the BIA denied the motion to reopen. Mohamed then filed a timely petition for review.

Mohamed argues that the BIA denied him due process of law when it failed to reissue its March 2006 decision. We review the denial of a motion to reopen for an abuse of discretion with "broad deference" to the decision. *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 409 (3d Cir.2003). Under this standard, this Court should reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir.2002).

■ Mohamed contends that the BIA did not send its March 2006 order to his counsel's address but rather to "a nonexistent address that mixed up lines from the old and new addresses." Brief at 9. Counsel states that her address at the time of the March 9, 2006 decision was 127 Main Street, Hackensack, New Jersey, 07601. However, in an appearance form filed by counsel on March 8, 2006, she listed her address as 127 Main Street, *Paterson,* New Jersey, 07601. App. at A–75. The BIA's decision was mailed to this address and returned as undeliverable. Because it was Mohamed's counsel who provided the incorrect address, the BIA did not deny Mohamed due process or abuse its discretion in refusing to reissue its March 9, 2006 decision.

Mohamed also contends that the BIA abused its discretion when it refused to reopen the proceedings based on changed circumstances. A motion to reopen must be filed no later than ninety days after the final administrative decision in the proceeding to be reopened. 8 C.F.R. § 1003.2(c)(2). However, pursuant to 8 C.F.R. § 1003.2(c)(3)(ii), the ninety-day time limit does not apply to a motion to reopen based on "changed circumstances arising in the country of nationality" if the evidence is material and could not have been presented at the previous hearing.

■ In his motion to reopen, Mohamed argued that there had been a change in the facts of his case.[1] However, he mostly challenged the IJ's merits decision. The BIA noted that the only new fact alleged was the birth of Mohamed's daughter in May 2005, i.e., before the BIA's March 2006 decision. While Mohamed included exhibits about conditions in Egypt, he did not make any arguments in his motion to reopen concerning the changed conditions. The BIA concluded that Mohamed had not demonstrated how his materials demonstrated changed conditions in Egypt or a reasonable likelihood of success on the merits of his asylum application. We agree and conclude that the BIA did not abuse its discretion in denying the motion to reopen based on changed circumstances.

1. Mohamed also argued that he was eligible to adjust his status based on a change in law; however, he does not raise this issue before us. He also argued that the March 2006 decision had been mailed to the wrong address, as discussed above.

Because the petition for review is untimely with respect to the BIA's March 2006 decision, we do not reach Mohamed's remaining arguments challenging that decision. Accordingly, we will deny the petition for review.